IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02288-KLM

GERALD L. BUMGARNER,

    Plaintiff,

v.

ANDREW SAUL, Commissioner of Social Security,

    Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court[1] on Plaintiff's **Motion for an Award of Attorney's Fees Under 42 U.S.C. § 406(b) Pursuant to Fed. R. Civ. P. 60(b)(6)** [#26][2] (the "Motion"). In the Motion [#26], Plaintiff seeks $16,486.80 in attorneys' fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act (the "Act"). *Motion* [#26] at 1. Defendant filed a Response [#27] to the Motion [#26], stating that although the Commissioner "has no direct financial interest in the outcome of a § 406(b) petition, [she] 'plays a part in the fee determination resembling that of a trustee for the claimants.'" *Response* [#27] at 1 (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002)). She therefore "highlights"

---

[1] The parties consented to proceed before the undersigned for all proceedings pursuant to 28 U.S.C. § 636(c) and D.C.COLO.LCivR 72.2. *See* [#14, #21].

[2] "[#26]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

1

several considerations for the Court in her Response [#27], which the Court incorporates into its discussion below.

On November 16, 2020, the Court issued an Order [#22] remanding this case for further administrative proceedings. On August 10, 2021, the Commissioner approved Plaintiff's claim for Disability Insurance Benefits ("DIB") under Title II of the Act and issued a revised Notice of Award on November 23, 2021. *Pl.'s Ex. 1* [#26-1] at 1. The Commissioner determined that Plaintiff was entitled to past due benefits, retroactive to November 2012, in the amount of $89,947.50. *Id.* In addition to this award of past-due benefits, Plaintiff is entitled to receive an ongoing monthly benefit amount of $902.30, minus deductions for Medicare health and hospital insurance coverage if he chooses to elect the coverage. *Id.*

42 U.S.C. § 406(b)(1)(A) provides that a court may award a reasonable attorney fee not in excess of 25% of the past-due benefits under Title II of the Act for an attorney's successful representation of a plaintiff. *Culbertson v. Berryhill*, 586 U.S. ___, 139 S. Ct. 517 (2019); *Wrenn v. Astrue*, 525 F.3d 931 (10th Cir. 2008). A motion seeking such fees must be filed pursuant to Fed. R. Civ. P. 60(b)(6) within a "reasonable time of the Commissioner's decision awarding benefits." *McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006). Plaintiff's counsel filed the present Motion [#26] within weeks of the November 23, 2021 revised Notice of Award, and the Court therefore finds the "within a reasonable time" requirement of Rule 60(b)(6) has been met.

Plaintiff signed a contingent fee agreement with his attorney in which he agreed to pay attorney fees for federal court work in the amount of 25% of past due benefits contingent on the successful outcome of his disability claim. *Pl.'s Ex. 1* [#26-1] at 7. Such

2

fee agreements are the standard practice in Social Security disability claims litigation. *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002).  However, 42 U.S.C. § 406(b) nevertheless requires the Court to review such arrangements to "assure that they yield reasonable results in particular cases*." Id.*  In conducting its review, the Court considers the time counsel spent representing the plaintiff; the labor and skill required; the amount involved; the results obtained; the experience, reputation, and ability of the attorney; and the attorney's risk of loss.  *Gordon v. Astrue*, 361 F. App'x 933, 935-36 (10th Cir. 2010); *Snyder v. Saul*, No. 16-cv-01227-RM, Docket No. 27, at 1-2 (D. Colo. Apr. 23, 2020).  Here, based on the past due benefits amount of $89,947.50, 25% equals $22,486.88.

Plaintiff's counsel expended 27 billed hours in representing Plaintiff and obtained a remand, *see Order* [#21], which resulted in substantial past due and ongoing benefits for Plaintiff.  As Plaintiff notes, representing claimants in Social Security cases on a contingency basis generally involves a significant risk of loss to the attorney, because of the risk that the Commissioner may not ultimately approve the Plaintiff's disability claim notwithstanding a court remand.  *Motion* [#26] at 3.  Plaintiff's attorney has over 29 years' experience in Social Security law and has handled numerous disability claims in administrative and federal court proceedings, which allows him to decrease the necessary hours expended in an area that is highly repetitive.  *Id.*  In this case, Plaintiff's date last insured for disability insurance benefits was December 31, 2014.  Tr. 381.  Representing Plaintiff in federal court significantly benefitted Plaintiff in that his counsel preserved Plaintiff's ability to obtain past due benefits. If counsel had not successfully challenged the July 24, 2018 ALJ decision, Plaintiff's eligibility for DIB benefits would have been foreclosed entirely.

Plaintiff's attorney also represented Plaintiff at the administrative proceedings on remand and received $6,000.00 under 42 U.S.C. § 406(a), but the 25% cap in Section 406(b)(1)(A) applies only to fees for court representation and not to the aggregate fees awarded under sections 406(a) and (b).  *See Culbertson*, 139 S. Ct. at 523 ("The agency's choice to withhold only one pool of 25% of past-due benefits does not alter the statutory text, which differentiates between agency representation in §406(a) and court representation in §406(b), contains separate caps on fees for each type of representation, and authorizes two pools of withheld benefits.").  Nevertheless, Plaintiff's counsel has reduced his 406(b) request by $6,000.00, the amount he received under 406(a) for work at the administrative level, which results in a § 406(b) fee request of less than 25% of past due benefits.  *Motion* [#26] at 4.

The Commissioner, in this case, due to a system error, released to Plaintiff the entire past due benefit amount and did not withhold 25% for attorney fees.  *Pl.'s Ex. 1* [#26-1] at 3.  However, Plaintiff has remitted $16.486.80 (i.e., $22,486.88 minus $6,000.00) to his counsel, which is being held in his Colorado Lawyer Trust Account Foundation account pending the court's order on the present Motion [#26].

Further, Plaintiff's counsel will refund to Plaintiff the amount he received under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), which was $5,591.23.  *Order* [#25]; *see Wrenn*, 525 F.3d at 934 (stating that, if fees are awarded under both EAJA and § 406(b), the attorney must refund the lesser award to the claimant); *Martinez v. Berryhill*, 699 F. App'x 775, 776 (10th Cir. 2017) (stating that the Tenth Circuit disfavors counsel placing the duty on the Commissioner to make the EAJA refund, although the Circuit has "not categorically ruled it out as improper") (citing *McGraw v. Barnhart*, 450 F.3d 493, 497

n.2 (10th Cir. 2006) (stating that "it is more appropriate for counsel to make the required refund to his client, rather than to delegate that duty to the Commissioner.")).

The Court finds that the requested fees of $16,486.80 in this case are reasonable considering the contingent nature of the fee and significant risk of loss to the attorney; the attorney's request for less than 25% of the past due benefits; the time expended by the attorney in this litigation representing Plaintiff in this court; the very favorable outcome of the case to Plaintiff, including the retroactive DIB benefits paid to Plaintiff which might otherwise have been lost; and Plaintiff's eligibility for receipt of ongoing monthly benefits and for Medicare benefits.  This § 406(b) attorney fee request would result in an hourly rate of $610.62, which is within the hourly rate courts in this district have found to be reasonable in Social Security appeals.  *See e.g., Jensen v. Saul*, 18-cv-00690-REB, Docket No. 21 (D. Colo. July 6, 2020) (hourly rate of $686.27 for 20.4 hours reasonable); *Snyder v. Saul*, Civ. No. 16-cv-01227-RM, Docket No. 27 (D. Colo. Apr. 23, 2020) (hourly rate of $1,153.85 for 20.8 hours reasonable); *Zuckerman v. Astrue*, 09-cv-02759-WYD, Docket No. 32 (D. Colo. May 3, 2016) (hourly rate of $403.45 for 34.0 hours reasonable).

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#26] is **GRANTED**.  Plaintiff is awarded attorney fees of $16,486.80 under 42 U.S.C. § 406(b).

IT IS FURTHER **ORDERED** that Plaintiff's counsel shall refund to Plaintiff the sum of $5,591.23 previously awarded to counsel under the EAJA.

Dated: April 26, 2022

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge